# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PAOLA CANAS, TARA LEIGH PATRICK, LUCY PINDER, LINA POSADA, and EMILY SCOTT, <br><br> Plaintiffs, <br> v. <br><br> P.T.B., INC. d/b/a CRUISIN' CHUBBYS GENTLEMEN'S CLUB, <br><br><br> Defendant. | Case No. 3:19-cv-858 <br><br> **PLAINTIFFS' COMPLAINT FOR:** <br><br> (1) Violations of the Lanham Act, False Endorsement / Unfair Competition / False Advertising, 15 U.S.C. § 1125(a); <br> (2) Tortious Appropriation under Wisconsin Common Law; <br> (3) Statutory Invasion of Right of Privacy, Wis. Stat. Ann. § 995.50 <br><br> **Jury Trial Demanded** |

## COMPLAINT

Plaintiffs Paola Canas, Tara Leigh Patrick, Lucy Pinder, Lina Posada, and Emily Scott, (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint, set forth and allege against P.T.B., Inc. ("Defendant") doing business as Cruisin' Chubbys Gentlemen's Club, also known as Cruisin' Chubby's and Cruisin Chubbys (the "Club"), as set forth below:

## INTRODUCTION

1.      This case is about a strip club's unauthorized use of professional models and actors' images and likenesses in various advertisements, including advertisements published on social media websites, to promote the strip club's

business interests in violation of the models' rights under federal and state law and for which the models are entitled to compensation, damages, and other relief.

## PARTIES

### A.  Plaintiffs

2.  Plaintiff Paola Canas ("Canas") is, and at all times relevant to this action was, a professional model and actor, and is a resident of Florida.

3.  Plaintiff Tara Leigh Patrick ("Patrick"), known professionally as Carmen Electra is, and at all times relevant to this action was, a professional model and actor, and is a resident of California.

4.  Plaintiff Lucy Pinder ("Pinder") is, and at all times relevant to this action was, a professional model and actor, and is a resident of the United Kingdom.

5.  Plaintiff Lina Posada ("Posada") is, and at all times relevant to this action was, a professional model and actor, and is a resident of California.

6.  Plaintiff Emily Scott ("Scott") is, and at all times relevant to this action was, a professional model and actor, and is a resident of the Commonwealth of Australia.

### B.  Defendant

7.  Defendant P.T.B., Inc. is a corporation existing under the laws of the State of Wisconsin with its principal office address listed by the Wisconsin

Department of Financial Institutions as W1057 Arrowhead Road, P.O. Box 237, Wisconsin Dells, Wisconsin 53965.

8.     Defendant P.T.B., Inc.'s registered agent is John H. Shore, Esq. and its registered agent's office address is Davis & Kuelthau, S.C., 300 N Corporate Drive, Suite 150, Brookfield, Wisconsin 53045.

9.     On information and belief, Defendant P.T. B., Inc. holds a Class B Combo Fermented Malt Beverage and Intoxicating Liquor License issued by the Town of Lyndon, Juneau County, Wisconsin for premises located at N576 U.S. 12, Wisconsin Dells, Wisconsin, operating under the trade name Cruisin' Chubbys or Cruisin' Chubbys Gentlemen's Club.

10.    On information and belief, Defendant P.T.B., Inc. ("Defendant") is now, and at all times mentioned herein was, the owner and operator of Crusin' Chubby's Gentlemen's Club, also known as Crusin' Chubby's (hereinafter, the "Club"), which is a strip club, located at N576 US Hwy 12 and 16, Wisconsin Dells, Wisconsin 53965 within the Town of Lyndon, Juneau County, Wisconsin.

## **JURISDICTION AND VENUE**

11.    This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of the federal Lanham Act, 15 U.S.C. §1125, *et seq*.

12.    In the alternative, and only if federal question jurisdiction becomes inapplicable in this action, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiffs, who are citizens of California, Florida, or Australia, and Defendant, a citizen of Wisconsin, and the amount in controversy between each Plaintiff and Defendant exclusive of interest and costs but inclusive of the value of injunctive relief exceeds the sum or value $75,000.

13.    Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**A.    A Model's Reputation Impacts the Commercial Value of Their Images and Likenesses**

14.    Each Plaintiff is, and at all times mentioned herein was, a professional model and actor who earns a living by commercializing their identity, image, and likeness for many business endeavors, including the advertisement and promotion of products and services through negotiated, arms-length transactions with reputable commercial brands and companies, and by further developing their own advertising ideas containing their identity, image, and likeness in carefully cultivated, managed, and maintained social media platforms that Plaintiffs vigorously defend from unauthorized third-party exploitation or usage.

15. A model's reputation directly impacts the commercial value associated with the use of their image, likeness, or identity to promote a product or service.

16. As such, a model has the right to control the commercial exploitation of their name, image, and likeness.

17. Each Plaintiff expended and continues to expend substantial effort, resources, and time in building and protecting their reputation in the modeling and/or acting industries.

18. Each Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of their image or likeness.

19. Each Plaintiff's career in modeling and acting has substantial value derived from the goodwill and reputation each has built.

20. Each Plaintiff commands substantial sums of money for the licensed commercial use of their image and likeness.

21. Unauthorized use of each Plaintiffs' image or likeness can diminish the goodwill and reputation each Plaintiff has built and the amount of compensation each Plaintiff can command for the licensed or authorized use of each Plaintiffs' image and likeness or for each Plaintiffs' advertising ideas containing each Plaintiffs' image and likeness.

**B.  Defendant Used Plaintiffs' Images and Likenesses to Promote Defendant's Business Interests without Plaintiffs' Authorization or Consent**

22.    Defendant owns, operates, and/or controls various websites and social media accounts, including Defendant's Facebook account https://www.facebook.com/cruisin.chubbys/ through which Defendant promotes, endorses, and markets the Club, solicits customers for the Club, and advertises events for the Club.

23.    Defendant has, and at all times mentioned herein had, control over the contents of their social media accounts relating to the Club.

24.    Defendant are responsible for the contents of their social media accounts published by or on behalf of Defendant.

25.    Defendant misappropriated Plaintiffs' images and likenesses without consent in advertising materials produced and published to market and promote the Club.

26.    Defendant used their social media accounts to advertise and promote the Club.

27.    The list below provides examples of Defendant's unauthorized uses of Plaintiffs' images and likenesses in advertising Club events, promoting the Club, implying endorsement of the Club, or soliciting customers for the Club that have

been identified on Defendant's Facebook account

https://www.facebook.com/cruisin.chubbys/:

| Plaintiff | Date | Hyperlink |
|-----------|------|-----------|
| Canas | 12/30/2018 | www.facebook.com/cruisin.chubbys/photos/a.51385824 3635013/972928179528015/ |
| | | |
| Patrick | 01/06/2018 | www.facebook.com/cruisin.chubbys/photos/a.51385824 3635013/976794072474759/ |
| | | |
| Pinder | 01/05/2018 | www.facebook.com/cruisin.chubbys/photos/a.51385824 3635013/976271722526994/ |
| | | |
| Posada | 01/19/2018 | www.facebook.com/cruisin.chubbys/photos/a.51385824 3635013/983517275135772/ |
| | | |
| Scott | 04/12/2018 | www.facebook.com/cruisin.chubbys/photos/a.51385824 3635013/1031028153718017/ |

28.     As of the date of the filing of this Complaint, all of the hyperlinks listed above are "live," and if clicked on while logged in to the relevant social media site (here, Facebook), link to an advertisement for the Club containing an unauthorized usage of the image or likeness of one or more Plaintiffs.

29.     Defendant's use of Plaintiffs' images and likenesses was for Defendant's commercial benefit.

30.     Defendant used the advertisements containing Plaintiffs' images to drive traffic to the Club and increase revenue.

31.     Defendant's use of the Plaintiffs' images in Defendant's advertisements on Defendant's social media accounts falsely suggests Plaintiff's sponsorship of, affiliation with, endorsement of, or participation in the Club.

32.     Defendant's unauthorized use of Plaintiffs' images and likenesses is knowing, willful, and intentional.

**C.      Defendant's Unauthorized Uses of Plaintiffs' Images and Likenesses Harmed and Damaged Plaintiffs**

33.     As noted above, Plaintiffs Canas, Patrick, Pinder, Posada, and Scott are professional models and actors.

34.     In prior instances of authorized commercial marketing, use, and promotion of Plaintiffs' images, likenesses, or identities by third parties, Plaintiffs negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

35.     Defendant never hired or contracted with any of Plaintiffs to advertise, promote, market, endorse, or participate in the Club.

36.     In the images and advertisements used by Defendant to promote the Club and advertise upcoming events at the Club, Plaintiffs are identifiable in that

persons seeing the images with the naked eye can reasonably determine that the persons depicted are either Plaintiffs Canas, Patrick, Pinder, Posada, and Scott even though Defendant appears to have cropped the photographs of Plaintiffs to exclude portions of Plaintiffs' faces from the advertisements.

37.     Defendant's misappropriation of Plaintiffs' images was for the purpose of advertising or soliciting patronage for the Club.

38.     Defendant never sought Plaintiffs' permission, nor did Plaintiffs give Defendant permission, to use any of Plaintiffs' images to advertise and promote the Club, or for any other purpose.

39.     Defendant never compensated Plaintiffs for any use of any of Plaintiffs' images or likenesses.

40.     Defendant had actual knowledge that they were using Plaintiffs' images without compensation or consent, and thus, Defendant knowingly misappropriated Plaintiffs' images and identities in total disregard of Plaintiffs' rights.

41.     As a direct and proximate result of Defendant's exploitation of Plaintiffs' images and identities, Defendant made profits or gross revenues in an amount to be established at trial.

42.     Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use of Plaintiffs' images and likenesses for

commercial purposes, as Plaintiffs have been deprived of the fair market value they could have otherwise received for the commercial use of their images and likenesses if they had been willing to license same to Defendant – which they were not – resulting in damages, the total amount of which will be established by proof at trial.

43.     Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use causes Plaintiffs' to lose Plaintiffs' exclusive right to control the commercial exploitation of Plaintiffs' names, images, and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

44.     Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use is detrimental to the value Plaintiffs could otherwise obtain in commercializing Plaintiffs' names, images, and likenesses, or Plaintiffs' advertising ideas containing Plaintiffs' images and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

## CLAIMS FOR RELIEF

### COUNT I
### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* by
### False Endorsement, Unfair Competition, and/or False Advertising

45.     Plaintiffs re-state and re-allege paragraphs 1 through 44 above and incorporate the same be reference as though fully set forth herein.

46.     Each Plaintiff brings this claim against Defendant.

47.     The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

48.     Based on the facts alleged herein, Defendant is liable to Plaintiffs for false endorsement, unfair competition, and/or false advertising violations of the Lanham Act, 15 U.S.C. § 1125(a)(1).

49. Plaintiffs, through their careers in modeling, advertising, and acting, have all attained a degree of fame and celebrity.

50. Each Plaintiff enjoys a substantial social media following and has appeared in numerous publications, shows, productions, films, or paid appearances.

51. Each Plaintiff earns their living by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

52. Each Plaintiff possesses a valid and protectable mark in the form of their persona, image, likeness, and identity.

53. Each Plaintiff has, and at all times mentioned herein, possessed, maintained, and safeguarded their exclusive right to control the use of their persona, image, likeness, and identity.

54. Prior to authorizing the use of their image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

55. Without consent, Defendant placed Plaintiffs' images and likenesses on or in advertisements promoting the Club.

56. Defendant's unauthorized uses of Plaintiffs' images and likenesses is ongoing and continuing as of the date of the Complaint.

57. In Defendant's advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are depicted and reasonably identifiable even though Defendant appears to have cropped the photographs of Plaintiffs to exclude portions of Plaintiffs' faces from the advertisements.

58. Defendant misappropriated Plaintiffs' images and likenesses in Defendant's advertisements for the Club in order to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, promoted, agreed to advertise, or otherwise participated in the Club.

59. Defendant never sought Plaintiffs' consent to use Plaintiffs' images or likeness.

60. Plaintiffs have never been employed by, danced at, or affiliated themselves in any way with the Club or Defendant.

61. Plaintiffs would not agree to allow their images or likenesses to be used to promote the Club and would not and do not endorse the Club.

62. Defendant, at all times mentioned herein, knew or should have known that they had no right to use Plaintiffs' images or likenesses to promote or advertise the Club.

63. Defendant placed the misappropriated images on the very same marketing channels (including Facebook) used by Plaintiffs to promote themselves.

64.     Defendant's misappropriation of Plaintiffs' images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club.

65.     Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club.

66.     Defendant's unauthorized use of Plaintiffs' images or likeness in advertisements for the Club constitutes false endorsement, unfair competition, and/or false advertising in violation of the Lanham Act.

67.     Defendant knew or should have known that obtaining the right to use Plaintiffs' images and likenesses would have required consent and substantial compensation.

68.     Defendant's unauthorized use of Plaintiffs' images and likenesses, without seeking their consent, constitutes willful and deliberate conduct.

69.     As a direct and proximate result of Defendant's actions as described herein, Defendant created the false impression that Plaintiffs were affiliated with, performed at, endorsed, or otherwise promoted the Club.

70.     As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits.

71.     As direct and proximate result of Defendant's actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value of the various unauthorized uses by Defendant of Plaintiffs' images and likenesses and harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

72.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT II
## Tortious Appropriation under Wisconsin Common Law

73.     Plaintiffs re-state and re-allege paragraphs 1 through 44 above and incorporate the same by reference as though fully set forth herein.

74.     Each Plaintiff brings this claim against Defendant.

75.     Wisconsin common law protects the property rights in the publicity value of aspects of a person's identity, protects the right of a person to be compensated for the use of their identity for advertising purposes or purposes of trade, and recognizes a cause of action to protect against unauthorized use of a person's identity for advertising purposes or purposes of trade. *See Hirsch v. S. C. Johnson & Son, Inc.*, 90 Wis. 2d 379, 383-391, 280 N.W.2d 129, 130-34 (1979).

76.     A person's image and likeness are a part of a person's identity.

77.     Defendant's use of Plaintiffs' images and likenesses did not occur in connection with the dissemination of news and was without a redeeming public interest or historical value.

78.     Defendant used Plaintiffs' images and likenesses for advertising purposes, specifically, to promote and advertise the Club.

79.     Defendant used Plaintiffs' images and likenesses for the purposes of trade, specifically, for the purposes of advertising or promoting the Club to increase Defendant's profits.

80.     Defendant's unauthorized use of Plaintiffs' images and likenesses is ongoing and continuing as of the date of the Complaint.

81.     Defendant's use of Plaintiffs' images and likenesses deprives Plaintiffs of the right to control the commercial exploitation of each Plaintiffs' identity.

82.     Defendant never obtained Plaintiffs' consent for Defendant's use of Plaintiffs' images and likenesses.

83.     Defendant never compensated Plaintiffs for Defendant's use of Plaintiffs' images and likenesses.

84.     Defendant's use of each Plaintiff's image and identity was willful and deliberate.

85.     Defendant exploited each Plaintiff's identity for Defendant's own commercial benefit.

86.     Defendant engaged in tortious appropriation of Plaintiffs' identity through the acts set forth above and herein.

87.     As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits.

88.     As direct and proximate result of Defendant's actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value of the various unauthorized uses by Defendant of Plaintiffs' images and likenesses and harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

89.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

**COUNT III**
**Violations of the Wisconsin Statute § 995.50**
**Statutory Invasion of Right of Privacy**

90.     Plaintiffs re-state and re-allege paragraphs 1 through 44 above and incorporate the same by reference as though fully set forth herein.

91.     Each Plaintiff brings this claim against Defendant.

92. Wisconsin Statutes § 995.50 provides in part as follows:

(1) The right of privacy is recognized in this state. One whose privacy is unreasonably invaded is entitled to the following relief:

    (a) Equitable relief to prevent and restrain such invasion, excluding prior restraint against constitutionally protected communication privately and through the public media;

    (b) Compensatory damages based either on plaintiff's loss or defendant's unjust enrichment; and

    (c) A reasonable amount for attorney fees.

(2) In this section, "invasion of privacy" means any of the following: . . .

    (a) […]

    (b) The use, for advertising purposes or for purposes of trade, of the name, portrait or picture of any living person, without having first obtained the written consent of the person or, if the person is a minor, of his or her parent or guardian. . . .

93. Plaintiffs are living persons.

94. Defendant used Plaintiffs' portrait or picture for advertising purposes or for purposes of trade.

95. Specifically, Defendant used Plaintiffs' image and likeness in advertisements for the Club posted by or on behalf of Defendant on Facebook so that Defendant could profit from patronage of the Club as described in detail herein.

96. Defendant's use of Plaintiffs' images and likenesses did not occur in connection with the dissemination of news and was without a redeeming public interest or historical value.

97. There is a substantial connection between Defendant's use of Plaintiffs' images in Defendant's advertisements for the Club and Defendant's commercial purpose as Plaintiffs' images can be perceived as those of attractive women and Defendant owns and operates a strip club that solicits patronage by claiming persons that can be perceived as attractive women will be stripping there.

98. Defendant did not first obtain, nor has Defendant ever obtained, the written consent of any Plaintiff to use any Plaintiffs' portrait, picture, image, or likeness for any purpose, including but not limited to for advertising purposes or for purposes of trade.

99. Defendant invaded Plaintiffs' statutory rights of privacy through the acts set forth above and herein.

100. As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits.

101. As direct and proximate result of Defendant's actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value of the various unauthorized uses by Defendant of

Plaintiffs' images and likenesses and harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

102.  Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant on the claims listed above as follows:

1. For actual, consequential, and incidental damages in an amount to be proven at trial;

2. For the amount due, owing, and unpaid to Plaintiffs representing the fair market value for Defendant's unauthorized uses of Plaintiffs' images and likenesses in advertisements for the Club;

3. For trebling of damages as permitted by law;

4. For punitive damages in an amount to be proven at trial as permitted by law or equity;

5. For prejudgment interest in an amount permitted by law;

6. For disgorgement of Defendant's profits;

7.    For a permanent injunction barring Defendant's unauthorized use of Plaintiffs' images or likenesses in advertisements or other promotional material for the Club, including but not limited to an order requiring Defendant to remove all uses of Plaintiffs' images and likenesses from Defendant social media accounts, including Defendant's Facebook account;

8.    For costs of this lawsuit;

9.    For reasonable attorneys' fees; and

10.   For all such other and further relief as to this Court seem just, proper and equitable.

## **JURY DEMAND**

Plaintiffs hereby demand trial by jury as to all issues so triable in the above matter.

Date: October 15, 2019                    Respectfully submitted,

                                          ARONOWITZ LAW FIRM PLLC

                                          s/ Edmund S. Aronowitz
                                          Edmund S. Aronowitz, State of Michigan
                                          Bar # P81474
                                          *Attorney for Plaintiffs*
                                          **ARONOWITZ LAW FIRM PLLC**
                                          2609 Crooks Road #290
                                          Troy, Michigan 48084
                                          Telephone: (248) 716-5421
                                          Facsimile: (248) 419-1032
                                          edmund@aronowitzlawfirm.com

Paul K. Schwartz, State of Wisconsin Bar #1003357
*Attorney for Plaintiffs*
**HARRIS AND SCHWARTZ, LLC**
8989 N. Port Washington Road, Suite 201
Milwaukee, Wisconsin 53217
Telephone: (414) 755-8446
Facsimile: (414) 269-0900
paul@harrisandschwartz.com